NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN AYALA-GODOY, AKA Juan Manuel Ayala Godoy, AKA Juan Manuel Godoy,<br><br>          Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No.   18-70367<br><br>Agency No. A087-902-275<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 27, 2023**
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and KORMAN,*** District Judge.

Petitioner Juan Ayala-Godoy ("Ayala-Godoy"), a citizen of Mexico,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal of the denial of his withholding of removal application. We deny Ayala-Godoy's petition.

1. We have jurisdiction under 8 U.S.C. § 1252(a)(1). "As a general rule, we review the BIA's denial of withholding of removal for substantial evidence." *Reyes v. Lynch*, 842 F.3d 1125, 1137 (9th Cir. 2016). More specifically, "[f]actual findings concerning entitlement to withholding are reviewed for substantial evidence." *Pagayon v. Holder*, 675 F.3d 1182, 1190 (9th Cir. 2011) (per curiam). Under the substantial evidence standard, the court "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

2. Ayala-Godoy has not provided any specific information that would compel us, under the substantial evidence standard, to conclude that Ayala-Godoy was a member of his proposed particular social group ("PSG") defined before the immigration judge: repatriated Mexican male adult citizens who oppose gang authority. Under our precedent in *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084-85 (9th Cir. 2014), an individual that takes concrete steps to oppose gang authority may be recognized to be a member of a cognizable PSG. But, unlike in *Pirir-Boc*, Ayala-Godoy has not testified to any concrete steps he had taken to oppose gang authority, nor has Ayala-Godoy identified any specific threats made against him or

2

his family. Without such evidence, we do not find the evidence contained in the record compels a different result from the BIA.

**PETITION DENIED.**